PEOPLE OF PUERTO RICO, ETC., Plaintiff and Appellee, *v.* RAFAEL BERRÍOS ET AL., Defendants and Appellants.

No. 5495.  Argued May 29, 1931.—Decided May 27, 1932.

*González Fagundo & González Jr.* for appellants. *James R. Beverley, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The appellants complain of the action of the District Court of Humacao in issuing an order of attachment to secure

the effectiveness of a judgment after an original attachment had been dissolved.

Section 13 of the Act to secure the effectiveness of judgments provides:

"Every remedy to secure the effectiveness of a judgment shall be void if the suit be suspended on petition of the party in whose favor the remedy was granted; or if the date fixed by the court for the hearing be extended on the petition of the said party, except in case the petition for suspension of proceedings or extension of time be based upon force majeure properly proved."

The plaintiff, The People of Puerto Rico, to secure a judgment, obtained an attachment and thereafter obtained one or more suspensions of the trial. This, it is conceded by the plaintiff, gave the defendants the right to move the annulment of the attachment. The defendants filed a motion in the District Court of Humacao to vacate the said first attachment. While this motion was pending, the plaintiff filed another motion wherein it agreed that the first order should be declared null and void, but asked the issuance of another order. The District Court of Humacao on the 29th of October, 1930, issued an order vacating the first attachment and on the same day issued another order attaching the same property hitherto attached.

The theory of the appellants is that section 13, *supra,* is a penalty and that once a plaintiff has infringed the said section he has no further right in the same suit to attach goods belonging to the defendant.

We can not agree that a plaintiff has not the right at any time during a trial to ask for an attachment of property. The right of attachment is a general one. Section 13 merely covers the cases where the trial is delayed after the attachment and does not cover the cases where a fresh attachment is obtained and no delay takes place thereafter. *González et al.* v. *Hernández et al,* 31 P.R.R. 69. We find nothing inconsistent in this case with *Avalo* v. *Porrata et al.,* 18 P.R.R. 874.

In their second assignment of error the appellants complain that the court erred in allowing The People of Puerto Rico to attach without bond. Section 356 of the Code of Civil Procedure provides in English as follows:

"In any civil action or proceeding wherein the Island or the people of the Island is a party plaintiff, or any insular officer in his official capacity, or on behalf of the Island, or any city or district, is a party plaintiff or defendant, no bond, written undertaking, or security can be required of said Island, of the people thereof, or any officer thereof, or of any city; but on complying with the other provisions of this Code, said Island or people thereof, or any insular officer, acting in his official capacity, or any city, or district, has the same rights, remedies and benefits as if the bond, undertaking or security were given and approved as required by this Code."

This section has suffered a little in the translation. The English copy makes it plain that The People of Puerto Rico or any insular official may, without bond, prosecute a suit in any civil action or proceeding. The appellee cites a certain amount of jurisprudence from California, to show that the state and its officers are generally exempt from bond, but we think the section itself is plain. It makes no difference that the law for the effectiveness of judgments is an independent act. It is, nevertheless, a proceeding which falls within the Code of Civil Procedure.

We agree that the question of the amount for which the sureties should respond in a suit against principal and surety, is one that could be raised in the trial of a case. We likewise agree with the appellee that the remedy for an excessive attachment is a motion to reduce the same and not one for its annulment.

The order of the District Court of Humacao should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.